MARAVENE HOLLAND, Appellant, v. GLENN TRACY, Respondent.— This is an appeal from an order and judgment of the Children's Court of Fulton County, which dismissed the complaint herein, denied an order of filiation and adjudged that the defendant was not the father of complainant's child. Complainant was about sixteen years of age at the time she claimed an act of intercourse with the defendant. He was married and the father of three children. Complainant occasionally acted as a baby sitter at his home, and she said that the intercourse took place in his automobile one night when he was taking her home. She first alleged the act occurred on December 3, 1952. Later, she fixed the date as October 25, 1952. To explain the discrepancy she said that she relied on her doctor when she first fixed the date as of December 3, 1952. She gave birth to a child on August 1, 1953. The doctor who attended her was not sworn. There was some corroborative testimony that defendant took her home in his automobile one night late in October, 1952, and that she did not reach home until an early hour in the morning. One witness testified that he observed them alone in defendant's car for two or three hours on a secluded hill near the Indian Lake Dam road. Complainant swore the act took place there. Her home was further along on that road. Defendant denied the intercourse charged, and denied that he took complainant home at night during October, 1952. He did take her home, he said, on the night of December 17, 1952, and his car became mired in the yard before her home. He had some corroboration from relatives that he was hunting on October 25, 1952, with some paying guests who stayed at his house, and that complainant was not at his home the evening of that day. A schoolmate of complainant, who was also a niece of the defendant, testified that complainant told some other girls at school that she didn't know who was the father of her child, and mentioned the names of three men other than the defendant. No blood test was made, and the case depended entirely upon the credibility of the witnesses sworn. Most of the testimony was subject to one infirmity or another. It is a rather well-settled principle that a charge of paternity is so easy to make and so difficult to defend that an order of filiation will not be made unless the evidence is fairly clear, reliable and satisfactory. We are not in any position on this record to reverse the judgment of the Children's Court Judge as to the credibility of the witnesses. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.